Abubakar BAH, Petitioner,

v.

Alberto R. GONZALES,[1] United States Attorney General, Respondent.

No. 04–3247–AG NAC.

United States Court of Appeals, Second Circuit.

Jan. 6, 2006.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft in this case.

---

Thomas V. Massucci, New York, New York, for Petitioner.

Paul J. McNulty, United States Attorney, Jonathan H. Hambrick, Assistant United States Attorney, Richmond, Virginia, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Hon. CHESTER J. STRAUB, and Hon. SONIA SOTOMAYOR, Circuit Judges.

## SUMMARY ORDER

Abubakar Bah petitions for review of the May 25, 2004 BIA decision affirming an immigration judge's ("IJ") July 8, 2003 order denying petitioner's motion to reopen proceedings and rescind an order of removal entered *in absentia.* We assume the parties' familiarity with the underlying facts and procedural history of this case.

An alien may file a motion to reopen, within 180 days, if he has been ordered removed *in absentia,* and he can demonstrate exceptional circumstances, including serious illness, justifying his absence. *See* 8 U.S.C. § 1229a(b)(5)(C)(i); 8 U.S.C. § 1229a(e)(1). Denials of motions to reopen, including motions to reopen challenging orders of removal entered *in*

*absentia,* are reviewed for an abuse of discretion. *See Iavorski v. INS,* 232 F.3d 124, 128 (2d Cir.2000). When reviewing a motion to reopen, an IJ must consider the record as a whole and issue a reasoned opinion. *See Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 97 (2d Cir.2001).

In this case, the IJ noted Bah's submitted reason for his absence from the removal hearing, but did not make a finding as to whether the reason for the absence constituted an exceptional circumstance and if not, why not. The sole reason for denial of the motion to reopen stated by the IJ appears to be a reference to Bah's failure to submit evidence of prescriptions his doctor's letter noted the doctor had prescribed. The IJ, however, did not explain the relevance of the evidence of a prescription, or provide a reasoned analysis of why the other proffered evidence, including the doctor's letter itself, were inadequate to prove petitioner's serious illness on the date of the removal hearing. As such, the IJ's denial of Bah's motion to reopen was an abuse of discretion. *Cf. Romero–Morales v. INS,* 25 F.3d 125, 129 (2d Cir.1994) (holding that it is an abuse of discretion for an IJ not to make any findings as to why a petitioner did not appear for a scheduled hearing).

For the foregoing reasons, the petition for review is GRANTED, the BIA's decision vacated, and the case is remanded to the BIA for reconsideration. The pending motion for a stay of removal in this petition is GRANTED pending the BIA's reconsideration of this matter. The pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).